**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4339**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CHRISTOPHER MATTHEWS,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Glen E. Conrad, District Judge. (5:09-cr-00023-gec-1)

Submitted: January 10, 2011      Decided: January 18, 2011

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David A. Downes, LAW OFFICES OF DAVID A. DOWNES, Front Royal, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Jeb T. Terrien, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Matthews appeals from his conviction for conspiracy to distribute more than 100 grams of heroin, possession with intent to distribute more than 100 grams of heroin, and possession with intent to distribute hydromorphone, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). Matthews filed a motion to suppress evidence found as a result of a search of the vehicle that he owned and in which he was a passenger at the time of the stop, and the district court denied the motion. On appeal, Matthews argues that the district court erred in finding that the Virginia code section that the vehicle was stopped for violating did not apply because his vehicle was licensed in South Carolina. Finding no error, we affirm.

We review the district court's factual findings underlying a motion to suppress for clear error and the court's legal determinations de novo. United States v. Day, 591 F.3d 679, 682 (4th Cir. 2010). When a district court denies a suppression motion, this court reviews the evidence in the light most favorable to the Government. United States v. Matthews, 591 F.3d 230, 234 (4th Cir. 2009), cert. denied, 131 S. Ct. 412 (2010). This court gives due regard to the district court's opportunity to judge the credibility of witnesses "for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United

2

States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks and citation omitted), cert. denied, 129 S. Ct. 1312 (2009).

We have carefully reviewed the transcript of the hearing on Matthews' motion and we conclude that, taken in the light most favorable to the Government, see Matthews, 591 F.3d at 234, the evidence adduced at the hearing amply supports the district court's ruling. The court did not err in holding that Va. Code Ann. § 46.2-716(B) (2010) applies to out-of-state license plates, and even if it does not, the statute is unclear and would still provide an objectively reasonable basis for the officer to stop the vehicle.

Accordingly, we affirm the denial of Matthews' motion to suppress and affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED